

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HINGA, | § | H-13-414 |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | Jury Demanded |
| MIC GROUP, LLC, | § | |
| Defendant. | § | |

### MR. JAMES HINGA'S, ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES James Hinga, Plaintiff, complaining of and about MIC Group, LLC, hereinafter called Defendant, and for cause of action shows unto the Court the following:

PARTIES AND SERVICE

1. Mr. James Hinga is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2. Defendant MIC Group, LLC., (MIC) is a company organized under the laws of the State of Delaware, whose corporate office is located at 3140 S. Blue Bell Road, Brenham, Texas 77833. MIC Group, LLC, may be served by serving its registered agent in the State of Texas, the Corporate Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

JURISDICTION

3. This action arises under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. Section 623 et.seq., as amended by the Civil Rights Act of 1991, and Title 42 U.S.C. Section 2000e et. seq., as amended by the Civil Rights Act of 1991, Title VII, as

1

hereinafter more fully appears.

## NATURE OF ACTION

4.  This is an action under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. Section 623 et.seq., as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of age, and an action under Title 42 U.S.C. Section 2000e et. seq., as amended by the Civil Rights Act of 1991, Title VII, to correct unlawful employment practices on the basis of race and national origin.

## CONDITIONS PRECEDENT

5.  All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Mr. Hinga's Complaint is filed within ninety days of his receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

6.  Mr. James Hinga, a Black male age 76, was born in the Republic of Kenya, located on the East Coast of Africa, and became a citizen of the United States in the year 1973. At all times relevant to this matter, Mr. Hinga has maintained his residence in Houston, Harris County, Texas.

7.  Mr. Hinga began his employment as a machinist in 1988 with Dresser, Inc. Throughout his career with Dresser, he worked diligently and received numerous employment awards and commendations. Prior to the incidents leading up to this matter, Mr. Hinga never received any reprimands and always received above average evaluations.

8.  Sometime in 2003, Dresser, Inc. outsourced its RCS Electric Actuators Sector to a

company named Tarlton Supply Company. During that same year, Mr. Hinga, along with other employees, were laid off by Dresser, Inc., and subsequently applied for and gained employment with Tarlton Supply Company – performing the same duties as they had while employed directly with Dresser.

9. Sometime thereafter, Tarlton Supply Company was bought out by the MIC Group, LLC, (MIC) and Mr. Hinga and others in his unit/department maintained employment with MIC.

10. According to sources, the MIC Group, LLC, is a leading master manufacturer of precision machining, complete turnkey mechanical/electrical assemblies and total supply chain management services, and supplies such to companies worldwide, with global headquarters located in Brenham, Texas.

11. At all times relevant to this matter, Mr. Joe Ashore, a white male, Mr. Calvin Glenz, a white male, and Mr. Mr. Ron Warzon, also a white male, followed the same employment path as Mr. Hinga, i.e., they were all employed with Dresser, Tarlton Supply, and eventually MIC, as machinists in the same unit/department working on the same machinery, and responsible for the same quality performances and engineering specifications relating to the RCS Actuator Units, and had similar duties and responsibilities, and answered to the same or similar chain of authority. This "team" was directly supervised by Brian Shirely, who also maintained quality control inspection obligations.

12. On or about October 2010, Mr. Hinga was forced to resign from his position amidst an internal company investigation surrounding a customer complaint concerning poor quality of work performed on an ignition/explosive proof product as manufactured for them by MIC known as Nema 7. The customer's alleged complaint stated that the Nema 7 failed a

critical gage inspection test conducted a few days earlier.

13. During MIC's investigation of this matter, MIC management identified Mr. Hinga as one of the employees responsible for the machining and quality inspection of the units. While Mr. Hinga allegedly admitted to not inspecting the units involved in accordance with company engineering specifications, and subsequently marking them as "good", it was determined by MIC management that he was not the one solely responsible for the recall of the units that were the subject of the investigation. However, Mr. Hinga was the only one in his group who was forced to resign his position amidst this company recall.

14. At the time of the alleged incident and subsequent investigation, Mr. Hinga was 76 years old, Mr. Glenz was approximately 20 – 30 years the junior of Mr. Hinga, Mr. Ashore was approximately 20 - 30 years the junior of Mr. Hinga, and Mr. Warzon was approximately 15 years the junior of Mr. Hinga.

15. At all times relevant to this matter, Mr. Hinga enjoyed insurance benefits which covered medical expenses for both himself and his spouse.

16. Prior to the events leading up to Mr. Hinga's *resignation*, his spouse was suffering from major medical concerns which necessitated a major medical procedure as already scheduled for October 26, 2010. Mr. Hinga maintains that MIC's management and supervisors were aware of these medical concerns and pending procedure.

17. At the conclusion of the investigation, Mr. Hinga was given the option of resigning from his employment or face termination. This option presented Mr. Hinga with resigning, and thus maintaining his much needed health coverage, or being terminated, which would effectively terminate these benefits. Faced with this option and his wife's pending medical procedure, Mr. Hinga opted for resignation.

18. Although MIC has termed Mr. Hinga's separation from employment a voluntary resignation, it is contended that this was indeed a forced resignation on their part, i.e., an actual termination. It is further contended that the totality of events surrounding the circumstances for separation was insufficient to motivate discharge and, therefore, a mere pretext as to the true reason for separation. Consequently, it is contended that the totality of circumstances surrounding this separation, as articulated by MIC, was in violation of the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. Section 623 et.seq., as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of age, and Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and national origin, to wit Mr. Hinge now brings this action.

## AGE DISCRIMINATION

(Mr. Hinga hereby incorporates the above, including the factual allegations contained therein, to this portion of his petition by reference).

19. Defendant, MIC, by and through its agents and/or authorities, intentionally engaged in unlawful employment practices involving Mr. Hinga because of his age. At all material times Mr. Hinga was 40 years of age or older.

20. Defendant, MIC Group, LLC., by and through its agents and/or authorities, discriminated against Mr. Hinga in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified him in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of his age in violation of the Age Discrimination in Employment Act.

5

## RACE AND NATIONAL ORIGIN DISCRIMINATION

(Mr. Hinga hereby incorporates the above, including the factual allegations contained therein, to this portion of his petition by reference).

21. Defendant, MIC, by and through its agents and/or authorities, intentionally engaged in unlawful employment practices involving Mr. Hinga because of his race and national origin.

22. Defendant, MIC, by and through its agents and/or authorities, discriminated against Mr. Hinga in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified him in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of his race and national origin in violation of 42 U.S.C. Section 2000e (2)(a).

23. Defendant, MIC, by and through its agents and/or authorities, classified Mr. Hinga in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

24. Mr. Hinga alleges that Defendant, MIC, by and through its agents and/or authorities, discriminated against him on the basis of race and national origin with malice or with reckless indifference to his Federally protected rights of Mr. Hinga.

## DAMAGES

(Mr. Hinga hereby incorporates the above, including the factual allegations contained therein, to this portion of his petition by reference).

25. As a direct and proximate cause of the unlawful employment actions of Defendant, MIC Group, LLC., by and through its agents and/or authorities, Mr. Hinga sustained the following damages as a result of those actions and/or omissions of MIC Group, LLC.,

described hereinabove to wit he seeks recovery:

    a.    Loss of benefits;

    b.    All reasonable and necessary Attorney's fees incurred by or on behalf of Mr. Hinga;

    c.    All reasonable and necessary costs incurred in pursuit of this suit;

    d.    Expert fees as the Court deems appropriate;

    e.    Front pay in an amount the Court deems equitable and just to make Mr. Hinga whole;

    f.    Back pay and interest thereon from the date Mr. Hinga was separated from his employment in an amount the Court deems equitable and just to make him whole; and

    g.    Loss of earning capacity which will, in all probability, be incurred in the future.

## EXEMPLARY DAMAGES

26. Mr. Hinga would further show that the acts and omissions of Defendant, MIC, by and through its agents and/or authorities, complained of herein were committed with malice or reckless indifference to his protected rights. In order to punish said MIC for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Mr. Hinga also seeks recovery from MIC for exemplary damages.

## SPECIFIC RELIEF

27. Mr. Hinga seeks the following specific relief which arises out of the actions and/or omissions of MIC described hereinabove:

    a.    Rehire Mr. Hinga.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Mr. James Hinga respectfully prays that Defendant MIC Group, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for him against MIC for damages in an amount within the jurisdictional limits of this Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which Mr. Hinga may be entitled to at law and/or in equity.

Respectfully submitted,

*/s/ Athill Muhammad*

Athill Muhammad
Attorney-in-Charge
Texas Bar No. 24039078
Southern District Bar No: 35121
1000 The Houston Building
2323 Caroline Street
Houston, Texas  77004
Tel. 713/807-8167 and 713/659-9090
Fax. 713/659-2812
e-mail: amuhammadlaw@aol.com
Attorney for Plaintiff,
Mr. James Hinga

## MR. JAMES HINGA HEREBY DEMANDS TRIAL BY JURY