UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HINGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-414 |
| | § | |
| MIC GROUP, LLC, | § | |
| | § | |
| Defendant. | § | |

### ORDER

Pending before the court is defendant MIC Group, LLC's ("MIC") motion to dismiss certain of plaintiff James Hinga's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). Dkt. 5. Having considered the motion[1] and applicable law, the motion is GRANTED.

### I. BACKGROUND

Accepting the facts as pled by Hinga as true for the purpose of this motion, *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), Hinga brings suit for age, race, and national origin discrimination against his former employer, MIC. Dkt. 1. Plaintiff James Hinga is an African American male who was born in the Republic of Kenya and was over the age of 40 at all times relevant to the complaint. *Id.* He worked as a machinist for MIC at the time of the adverse employment action that forms the basis of his claims, resigning from MIC in October of 2010. *Id.* Prior to his resignation, Hinga was the subject of an internal company investigation arising from a customer complaint about a poor quality work product. *Id.* Despite the fact that he was not solely responsible for the problem identified by MIC's customer, he was the only person forced to resign as a result of the complaint. *Id.*

---

[1]Plaintiff filed no response.

Hinga filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 16, 2010. Dkt. 5, Ex. A. In the box on the charge asking the basis of the alleged discrimination, Hinga checked "age." *Id.* He did not check "race" or "national origin." *Id.* The charge states that Hinga believed that he was "discriminated against due to [his] age, 76, [in] violation of the Age Discrimination in Employment Act." *Id.*

Hinga received a right-to-sue letter from the EEOC and filed this lawsuit within 90 days of receipt of the right-to-sue letter. Dkt. 5. He claims that MIC discriminated against him because of his age, race, and national origin, in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended and seeks exemplary damages, reinstatement, and back pay, among other damages. *Id.*

MIC now moves the court to dismiss Hinga's discrimination claims based on race and national origin, arguing that Hinga failed to exhaust his administrative remedies. Dkt. 5. MIC further moves to dismiss Hinga's claim for exemplary damages because they are not available for private actions brought under ADEA. *Id.* Hinga did not file a response to the motion.

## II. LEGAL STANDARD

MIC moves for dismissal under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).[2] Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser*, 677 F.2d at 1050. As a general rule, the court may not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim

---

[2]"There is disagreement in this circuit on whether a Title VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction." *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006). In this case the practical effect of dismissal with or without prejudice is the same because the plaintiff could not go back in time and file within the 90-day period. Therefore, the court will review this motion using the 12(b)(6) standard.

under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The court may look beyond the pleadings, however, to a document that is attached to a motion to dismiss when that document is referenced in the complaint and is central to the plaintiff's claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007).

### III. ANALYSIS

#### A. Exhaustion of Administrative Remedies

Plaintiffs alleging employment discrimination claims must exhaust administrative remedies before pursuing their claims in federal court. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378–79 (5th Cir. 2002). Under Title VII of the Civil Rights Act of 1964, plaintiffs have ninety days to file a civil action after receipt of a right-to-sue letter from the EEOC. *Id.* at 379 (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982)). "Although filing an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Id.*

"The primary purpose of an EEOC charge is to provide notice of the charges to the respondent and to activate the voluntary compliance and conciliation functions of the EEOC." *Ajaz v. Continental Airlines*, 156 F.R.D. 145, 147 (S.D. Tex. 1994) (citations omitted). "The charge triggers an investigation by the EEOC so, through a conciliation process, voluntary compliance may be obtained and discriminatory policies and practices eliminated." *Id.* Thus, the "scope of a Title VII suit extends 'as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge.'" *Id.* (quoting *Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d 1112, 1123 (5th Cir. Unit B May 1981), *vacated on other grounds*, *Int'l Molders & Allied Workers Union AFL-CIO Local 342 v. Terrell*, 456 U.S. 968, 102 S.Ct. 968 (1982)). It is not

required "that a Title-VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency"; rather, "the plaintiff's administrative charge will be read somewhat broadly, in a fact-specific inquiry into what EEOC investigations it can reasonably be expected to trigger." *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006).

Here, MIC argues that Hinga failed to exhaust administrative remedies because his EEOC charge[3] could not reasonably have been expected to trigger an investigation into whether Hinga's resignation was the result of race or national origin discrimination. In his EEOC charge, Hinga neither checked the boxes for race or national origin discrimination, nor mentioned race or national origin within the charge's factual statement. Dkt. 5, Ex. A. In the absence of any reference to race or national origin in the EEOC charge, a fact-specific inquiry into this type of discrimination would be impossible. Because the charge was insufficient to put EEOC on notice of a claim that could be remedied, Hinga has not plausibly stated a claim for which relief can be granted with regard to exhausting his administrative remedies for the race and national origin discrimination claim. Accordingly, MIC's motion to dismiss Hinga's race and national origin discrimination claims is GRANTED.

### B. Exemplary Damages

Since Hinga's claims for racial and national origin discrimination are dismissed, his only remaining claim is for age discrimination in violation of ADEA. Hinga is seeking, among other forms of recovery, exemplary damages. MIC argues that Hinga's claim for exemplary damages should be dismissed because exemplary damages are not recoverable in a private action brought

---

[3] The court may consider Hinga's EEOC charge even though it is outside of the pleadings because MIC attached the charge to its motion to dismiss, Hinga referred to it in the complaint, and it is central to Hinga's claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

under ADEA. The court agrees. *See Smith v. Berry Co.*, 165 F.3d 390, 396 (5th Cir. 1999). Accordingly, MIC's motion to dismiss Hinga's claim for exemplary damages is GRANTED.

## IV. CONCLUSION

Pending before the court is MIC's partial motion to dismiss. For the reasons stated above, the motion is GRANTED. Hinga's claims of discrimination based on race and national origin are, therefore, DISMISSED. His claim for exemplary damages is likewise DISMISSED.

It is so ORDERED.

Signed at Houston, Texas on June 13, 2013.

_____
Gray H. Miller
United States District Judge