UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HINGA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-0414 |
| | § | |
| MIC GROUP LLC, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is (1) defendant MIC Group, LLC's ("MIC" or the "defendant") motion for summary judgment, Dkt. 12; and (2) MIC's motion to exclude expert testimony, Dkt. 32. MIC moves for summary judgment on plaintiff James Hinga's ("Hinga") claim arising under the Age Discrimination in Employment Act of 1967 ("ADEA"). MIC further moves to exclude the testimony of plaintiff's proffered expert, Samuel S. Thomas, on the basis of irrelevance. Upon consideration of the briefing, record, and applicable law, defendant's motion for summary judgment (Dkt. 12) is **GRANTED**, and defendant's motion to exclude (Dkt. 32) is **DENIED AS MOOT**.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The moving party bears the initial burden of informing the court of all evidence, if any, demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has met its initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. A dispute

is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). A dispute is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248.

## II. ANALYSIS

### A. Background Law

Under the ADEA, an employer may not "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *see Rachid v. Jack In the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). In order to proceed to trial in an age discrimination case with circumstantial evidence, the court engages in the familiar *McDonnell Douglas* three-step analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817 (1973); *Bauer v. Albermarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). First, a plaintiff must show a genuine dispute of material fact as to all four elements of a *prima facie* case of discrimination. *Willis v. Coca-Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006). To establish a *prima facie* case, the plaintiff must show (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) others similarly situated were treated more favorably, he was replaced by someone younger, or he was otherwise discharged because of his age. *Rachid*, 376 F.3d at 309. With regard to the fourth element, when a terminated employee's job duties are later distributed among other employees, those employees do not "replace" the terminated employee for purposes of establishing a *prima facie* case of age discrimination. *Martin v. Bayland, Inc.*, 403 F. Supp. 2d 578, 583 (S.D. Tex. 2005), *aff'd*, 181 F. App'x 422 (5th Cir. 2006). Once the

plaintiff makes his initial showing, the burden of production shifts to the defendant-employer to identify a legitimate, non-discriminatory reason for the adverse employment action. *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir. 2003). The defendant's burden in this second step is met by producing evidence which, "*taken as a true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S. Ct. 2742 (1993) (emphasis in original). Finally, at the third stage of the *McDonnell Douglas* framework, the plaintiff must raise a genuine dispute of material fact that the proffered non-discriminatory reason is not true and is instead a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43, 120 S. Ct. 2097 (2000); *Willis*, 445 F.3d at 420.

   B. **Application of the Law to the Facts**

      1.   <u>Hinga's *Prima Facie* Case</u>

The defendant does not dispute, for purposes of the summary-judgment analysis, that Hinga has met the first three elements of his *prima facie* case of discrimination. Dkt. 12 at 10. Rather, MIC claims that Hinga cannot create a triable issue of fact related to the fourth element, *i.e.*, Hinga cannot show that he was replaced by someone younger or outside his protected class or that he was otherwise discharged because of age. *Id.* Hinga responds that three younger, similarly-situated co-workers committed similar misconduct and were not discharged, thereby creating a presumption of discrimination. Dkt. 19, Ex. 1 at 11–14.[1]

---

[1] Hinga argues that he was effectively replaced, as his duties were outsourced as a result of MIC's lack of a fail-safe inspection procedure for the building of actuators. Dkt. 19, Ex. 1 at 14–16. Even assuming this allegation is true, Hinga has presented no evidence that MIC's actions were discriminatory on the basis of age. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive."). The court will therefore restrict its analysis of the fourth *prima facie* element to Hinga's claim that he was treated less favorably than similarly-situated co-workers.

When evaluating whether the plaintiff and his comparators are similarly situated, the plaintiff must demonstrate that the dissimilar employment decisions were made "under nearly identical circumstances." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009) (internal quotation marks omitted). This can be shown if "the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Id.* at 260 (footnotes omitted). Indeed, "employees who have different work responsibilities or who are subjected to adverse employment action for dissimilar violations are not similarly situated." *Id.* at 259–60.

In this case, Hinga has pointed to three younger co-workers as potential comparators: (1) Billy Ray Ashorn; (2) Kevin Glenz; and (3) Ronald Warzon. Dkt. 19, Ex. 1 at 4. The parties do not dispute that Hinga and these co-workers shared: (1) the same supervisor (Brian Shirley); (2) the same work address; (3) the same general work schedule; and (4) the same checklist and blueprints as reference materials regarding actuator assembly responsibilities. Dkt. 25 (MIC summary-judgment reply) at 2; Dkt. 19, Ex. 3 (Hinga affidavit) at 2; Dkt. 20 (Ashorn dep.) at 10:20–24; Dkt. 20, Ex. 2 (Glenz dep.) at 12:13–14; Dkt. 20, Ex. 3 (Warzon dep.) at 6:22–7:5.

However, the parties differ over the comparability of these employees' respective duties. While Hinga contends that everyone in actuator assembly shared certain tasks as part of a "team," Dkt. 19, Ex. 3 at 2–3; Dkt. 22 (Watts affidavit) at 2–3, the record contains undisputed evidence that the alleged comparators worked in different departments from Hinga and had different primary responsibilities. Dkt. 20 (Ashorn dep.) at 27:21–30:4 (distinguishing his duties at the e-power assembly stage from Hinga's lapping duties); Dkt. 20, Ex. 2 (Glenz dep.) at 7:11–19, 51:5–23 (explaining the he was an assembler in sure-power but occasionally assisted other departments); Dkt.

4

20, Ex. 3 (Warzon dep.) at 9:15–11:25 (testifying that he worked in the sure-power area at MIC with separate responsibilities from Hinga); *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221–22 (5th Cir. 2001). Further, Hinga has not presented any evidence that these employees' disciplinary histories are comparable to his own, as he had been previously reprimanded for inspection failures similar to those purportedly leading to the actuator failures and recall before his termination. Dkt. 19, Ex. A-1 at 4–5 ¶ 18 (Shirley's testimony that Hinga was reprimanded for performance issues in June 2010, six months before his termination); Dkt. 19, Ex. A-1-7 (copy of verbal warning notification in which he was warned for "skipping proper quality checks"); *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 514–15 (5th Cir. 2001) (holding that comparators should have essentially comparable disciplinary histories to be similarly situated with the plaintiff). Consequently, Hinga has failed to show that these three employees are proper comparators for purposes of establishing the fourth element of a *prima facie* case of discrimination.

    **2.** **Pretext**

Moreover, even if the court assumes that Hinga has shown a *prima facie* case, he cannot demonstrate a genuine dispute that MIC's proffered reason for his termination was pretextual.

A plaintiff can establish pretext either through evidence of disparate treatment or by showing that the employer's reason for the adverse action is not true. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003); *Reeves*, 530 U.S. at 143. "Evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination even without further evidence of defendant's true motive." *Laxton*, 333 F.3d at 578. Importantly, in the case of an allegedly flawed investigation, a plaintiff must do more than show defendant's mistaken belief regarding the investigation's conclusions to

survive summary judgment—plaintiff must show that defendant's belief was dishonest and masked a discriminatory purpose. *Swenson v. Schwan's Consumer Brands N. Am., Inc.*, 500 F. App'x 343, 346 (5th Cir. 2012) ("[P]retext is not established merely because the company was mistaken in its belief, if honestly held."); *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1166 (5th Cir. 1993) ("[The plaintiff] must, instead, produce evidence demonstrating that [the defendant] did not in good faith believe the allegations, but relied on them in a bad faith pretext to discriminate against him *on the basis of his age*.") (emphasis in original).

After the recall of the NEMA 7 units in 2010, MIC's investigation determined that the units did not meet lapping specifications, and this deficiency should have been identified during quality control testing. Dkt. 12, Ex. A-1 (declaration of Brian Shirley) at 5 ¶ 19. As a result of these findings, MIC terminated the employment of the two employees primarily responsible for lapping testing, Hinga and Joel Watts. *Id.* at 5 ¶ 20. Hinga's pretext argument is that MIC's inspection procedures were so flawed that the investigation was "wholly inaccurate and unfounded" and a mere pretext for the real reason for his termination. Dkt. 19, Ex. 4 (Thomas expert report) at 7 ("[MIC's investigation] regarding the faulty and defective inspection of the Nema 7 units by Mr. James Hinga and his co-workers was inadequate from the beginning as there were never any proper quality control inspection procedures in place for these parts."). Assuming that this is true, Hinga has shown that MIC's investigation produced erroneous conclusions, but this does not create a genuine dispute that MIC's findings were discriminatory. *Waggoner*, 987 F.2d at 1166. Thus, Hinga cannot survive summary judgment at the pretext stage of the analysis.

### III. CONCLUSION

In sum, Hinga has not shown a genuine dispute of material fact as to his *prima facie* case of discrimination or that MIC's proffered reason for its employment action was pretextual. MIC's motion for summary judgment (Dkt. 12) is **GRANTED**, and Hinga's claims against defendant are **DISMISSED WITH PREJUDICE**. Further, because the court's consideration of Thomas's expert report did not affect its conclusion regarding the sufficiency of Hinga's evidence, MIC's motion to exclude (Dkt. 32) is **DENIED AS MOOT**. The court will enter a separate final judgment consistent with this opinion.

It is so **ORDERED**.

Signed at Houston, Texas on August 29, 2014.

_____
Gray H. Miller
United States District Judge